[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10865
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 14, 2011
JOHN LEY
CLERK

D.C. Docket No. 5:10-cv-00096-LGW-JEG

ARCH INSURANCE COMPANY,

                                             Plaintiff - Appellant,

versus

CLEMENTS, PURVIS & STEWART, P.C.,

                                             Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(July 14, 2011)

Before BARKETT, MARCUS and FAY, Circuit Judges.

PER CURIAM:

    Appellant Arch Insurance Company ("Arch Insurance") filed a complaint

against Appellee Clements, Purvis, & Stewart, P.C. ("Clements Purvis") alleging a

claim for negligent misrepresentation relating to audits performed by Clements Purvis. In response to Clements Purvis' motion to dismiss, Arch Insurance filed an opposition and a motion for leave to amend its complaint in the instance that the district court found its initial complaint deficient. The district court denied Arch Insurance's motion for leave to amend, and subsequently granted Clements Purvis' motion to dismiss. Arch Insurance appealed. For the reasons stated below, we find that the district court did not abuse its discretion in denying the motion for leave to amend. Further, we find that Arch Insurance's negligent misrepresentation claim is not supported by a sufficient factual basis to survive a motion to dismiss. Consequently, we affirm both the denial of the motion for leave to amend and the dismissal of the complaint.

## I. BACKGROUND

In 2005 and 2006, Arch Insurance issued performance bonds to a construction company, Douglas Asphalt Company ("Douglas Asphalt"), after reviewing Douglas Asphalt's financial statements, which were audited by Clements Purvis. Subsequently, Douglas Asphalt suffered financial difficulties and was unable to fulfill its obligations under its construction contracts. As a result, Arch Insurance incurred significant financial losses.

In September 2010, Arch Insurance filed a complaint against Clements

2

Purvis raising a claim for negligent misrepresentation. Arch Insurance alleged that Clements Purvis negligently made material misrepresentations in its audits of Douglas Asphalt upon which Arch Insurance relied to its financial detriment. On October 19, 2010, Clements Purvis filed a motion to dismiss the complaint. Arch Insurance filed its opposition to the motion to dismiss on November 4, 2010. Concurrently, Arch Insurance also filed a motion for leave to amend the complaint in the future if the court found the complaint deficient when ruling on the motion to dismiss.

On December 8, 2010, the Magistrate Judge denied the motion for leave to amend the complaint, but stated that Arch Insurance could request leave to amend the complaint immediately if it so desired. Arch Insurance did not do so. Subsequently, on January 25, 2011, the district court granted the motion to dismiss. Arch Insurance timely appealed, alleging that the district court erred both by denying the motion for leave to amend and by dismissing the complaint.

## II. STANDARD OF REVIEW

We review a dismissal of a complaint under Fed.R.Civ.P. 12(b)(6) *de novo*. *Speaker v. U.S. Dep't of Health and Human Services Centers for Disease Control and Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). We "accept[ ] the factual allegations in the complaint as true and construe[ ] them in the light most

3

favorable to the plaintiff." *Id.* We review a denial of leave to amend a complaint for abuse of discretion. *Green Leaf Nursery v. E.I. DuPont De Nemours and Co.*, 341 F.3d 1292, 1300 (11th Cir. 2003).

### III. DISCUSSION

In its complaint, Arch Insurance raises a claim of negligent misrepresentation, alleging that Clements Purvis made negligent misrepresentations in its audits of the 2004 and 2005 financial statements of Douglas Asphalt. A claim of negligent misrepresentation under Georgia law has three elements: (1) a party negligently supplies false information to foreseeable persons, known or unknown; (2) such persons' reliance on that information was reasonable; and (3) economic injury proximately resulted from that reliance. *Atwater v. Nat'l Football League Players Ass'n*, 626 F.3d 1170, 1182 (11th Cir. 2010). Although Arch Insurance need not specifically plead every element to survive a motion to dismiss, its complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). The complaint must include

enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965.

In this case, Arch Insurance's negligent misrepresentation claim is not supported by a significant factual basis to raise its right to relief above the speculative level. The complaint contains mere conclusory allegations that Clements Purvis was negligent. For example, the complaint fails to include facts regarding the tests Clements Purvis performed or failed to perform or facts regarding how Clements Purvis' actions deviated from the standard of care. Further, the complaint fails to state what information in the audited financial statements was inaccurate or constituted a misrepresentation. Thus, the complaint lacked a sufficient factual basis upon which the district court could infer the existence of an essential element of the claim and dismissal was warranted.

In addition, the district court did not abuse its discretion by denying Arch Insurance's motion for leave to amend. Arch Insurance's motion was premature as it requested leave to amend only if the motion to dismiss was granted. Further, Arch Insurance did not indicate what would be changed in the complaint; nor did it attach an amended complaint. In denying Arch Insurance's motion for leave to amend on December 8, 2010, the district court specifically stated that Arch Insurance could request leave to amend the complaint *at that time* if it so desired,

5

but Arch Insurance filed no such motion. Even after the court ruled on January 25, 2011 by granting Clements Purvis' motion to dismiss, Arch Insurance still did not file a motion for leave to amend. Under those circumstances, the district court did not abuse its discretion by denying Arch Insurance's motion for leave to amend.

## IV. CONCLUSION

For the reasons stated above, we affirm both the order denying Arch Insurance's motion for leave to amend and the order dismissing Arch Insurance's complaint.

AFFIRMED.